


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Rebecca Remely**, a Minnesota resident, on behalf of herself and of others similarly situated, | § § § | |
| Plaintiff, | § | Civil Action Number |
| v. | § § | |
| **Etan General, Inc.**, a Texas corporation and **Credit Protection Association, L.P.**, a Texas domestic limited partnership | § § § § | 3-01CV2658-D |
| Defendants | § | JURY TRIAL DEMANDED |

## DEFENDANT ETAN GENERAL, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

COMES NOW Defendant Etan General, Inc. (hereinafter referred to as "Etan") and files this its Brief in Support of its Motion to Dismiss Pursuant to FRCP 12(b)(6), and moves the Court pursuant to FED.R.CIV.P. 12(b)(6) to dismiss the Plaintiff's Original Complaint, with prejudice, as to Defendant Etan General, Inc. In support thereof, Defendant would respectfully show the Court as follows:

### I.
### INTRODUCTION

Plaintiff has brought claims against Defendants Etan and Credit Protection Association, L.P. (hereinafter "CPA") relating to the collection of an outstanding consumer debt that Plaintiff incurred from Blockbuster Video. The federal Fair Debt Collection Practices Act ("FDCPA") which the Plaintiff has identified as her cause of action in her Complaint is not applicable to Defendant Etan because Etan is not a "debt collector" as defined by 15 U.S.C. §1692a(6). Etan General, Inc. is a

Texas corporation. CPA is a Texas limited partnership in the business of collecting consumer debts. Etan does not participate in any of CPA's debt collection activities.

Because Defendant Etan General, Inc. is not a "debt collector" as defined by 15 U.S.C. §1692a(6), the Plaintiff's Complaint fails to allege any facts which, if proved, would entitle the Plaintiff to relief against Defendant Etan.

## II.
## MOTION TO DISMISS

A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the statement of claim for relief in the complaint. *Doe v. Hillsbror ISD*, 81 F.3d. 1395, 1401(5th Cir. 1996). The motion cannot be used to resolve factual issues or the merits of the case. A motion to dismiss under FRCP 12(b)(6) is not appropriate unless the face of the plaintiff's pleadings shows, beyond a doubt, that the plaintiff cannot prove any set of facts that would entitle it to relief. *Garrett v. Commonwealth Mtg. Co,*, 938 F.2d 591, 594 (5th Cir. 1991).

## III.
## ARGUMENT AND AUTHORITIES

The FDCPA's provisions generally apply only to "debt collectors." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir.2000). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). It was the intent of Congress that the term "debt collector" was to cover all third persons who regularly collected debts for others. *Heredia v. Green*, 667 F.2d 392, 399 (3rd Cir.1981)(citing Sen.Rep.No.95-382, 95th Cong., 1st Sess. 3-4, reprinted in (1977) U.S.Code Cong. & Admin.News

1695, 1697-98). The requirement that debt collection be done "regularly" would necessarily exclude an entity that has no involvement in debt collection and does not collect for others in the regular course of business. *See id.*

The purpose behind the FDCPA was to put an end to "the use of abusive, deceptive, and unfair debt collection practices by many *debt collectors*" 15 U.S.C. §1692(a)(emphasis added), "to eliminate abusive debt collection practices by *debt collectors*, to insure that those *debt collectors* who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e)(emphasis added).

Only companies fitting the definition of a debt collector under the FDCPA can be held liable for violations of the statute. *Laubach v. Arrow Service Bureau, Inc.*, 987 F.Supp. 625, 629-31 (N.D.Ill.1997). In *Laubach*, two companies were sued; one was responsible for the collection process and the other merely printed and distributed the letters. *Id.* The second company was not held responsible because they were not the actual debt collector. *Id.*; *see also Trull v. Lason Systems, Inc.*, 982 F.Supp. 600, 607-08 (N.D.Ill.1997) (mailing services are not liable under FDCPA because they are not debt collectors under the statue).

Similarly, other courts have refused to extend liability under the FDCPA to persons or entities who are not involved in debt collection, but are affiliated with debt collectors. For example, in *White v. Goodman*, the Seventh Circuit concluded that shareholders are not liable for a company's debt collecting practices. 200 F.3d 1016, 1019 (7th Cir. 2000). The Court noted that the FDCPA is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil, or at companies that perform ministerial duties for debt

collectors, such as stuffing and printing the debt collector's letters. *Id.* at 1018 *(citing Aubert v. American General Finance, Inc.,* 137 F.3d 976, 979-80 (7th Cir.1998*); Laubach,* 987 F.Supp. at 629-31; *Trull,* 982 F.Supp. at 607-08. Further, the Court censured plaintiff's counsel noting that "the joinder of these defendants illustrates the all-too-common abuse of the class action as a device for forcing the settlement of meritless claims and is thus a mirror image of the abusive tactics of debt collectors at which the statute is aimed." *White,* 200 F.3d at 1019.

Plaintiff may cite this Court to case law in the Seventh Circuit which suggests that general partners of debt collectors may be vicariously liable for the partnership's FDCPA violations under general principles of Delaware partnership law. *See Peters v. AT & T Corp.,* 43 F.Supp.2d 926, 930 (N.D.Ill.1999); *Randle v. GC Servs.,* 25 F.Supp.2d 849, 850-52 (N.D.Ill.1998); *see also Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark,* 214 F.3d 872, 876 (7th Cir.2000). However, the Fifth Circuit has yet to address this issue, and these cases involving the general and limited partners of debt collectors were explicitly decided based on the general principles of general partnership law. Etan would argue the courts of the Seventh Circuit have extended the provisions of the FDCPA to reach those whom it was not intended to reach. In the alternative, even if this Court concludes these cases were decided correctly, they are completely dissimilar to the present case. Etan and CPA are not general nor limited partners organized under Delaware general partnership law. Etan is a Texas corporation. The Defendants are two separate entities, not a partnership. Thus, this case is similar to the scenarios found in the *Laubach, Trull* and *White* cases where the courts concluded that the corporations or shareholders of the corporations were not liable for the FDCPA violations of the debt collector with which they were affiliated.

Clearly, the FDCPA was designed to protect consumers from unethical debt collectors

utilizing abusive collection practices in an effort to collect consumer debts. Plaintiff has failed to articulate any basis for imposing liability on Etan. Etan's affiliation with CPA is the sole basis for its involvement in this lawsuit. Yet, Etan was not involved in the drafting or mailing of the collection letter made the basis of this lawsuit. Etan did not take any steps or make any effort to collect the Plaintiff's debt. In fact, Etan does not participate in any of CPA's collection activities. As Etan is not a debt collector within the meaning of the statute, is not a general or limited partner of CPA, and did not participate in the attempted collection of the plaintiff's debt, Etan did not commit any acts or omissions which violated the provisions of the FDCPA. As such, beyond a doubt, the Plaintiff cannot prove any set of facts that would entitle her to relief as against Etan. Joining entities associated with debt collectors, which do not have any contact with consumer debtors, and thereby cannot be said to utilize abusive collection practices, is an example of the kind of abuse statutes like the FDCPA were designed to prevent.

## IV.
## CONCLUSION AND PRAYER

For the foregoing reasons, as Etan is clearly not a debt collector and not subject the the provisions of the FDCPA, Plaintiff's Complaint against Etan should be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant, ETAN GENERAL, INC., herein prays that its Motion to Dismiss Pursuant to FRCP 12(b)(6) be granted, that Plaintiff's cause of action against the Defendant Etan be dismissed with prejudice and for such other and further relief as may be deemed appropriate.

Respectfully submitted,

By: _____
Keith Wier; SBN: 21436100

ATTORNEY IN CHARGE FOR
DEFENDANTS

OF COUNSEL:
Holly M. Wheeler
SBN: 24006035
DAW & RAY, P.C.
Coastal Banc Plaza
5718 Westheimer, Suite 1750
Houston, Texas 77057
(713) 266-3121
(713) 266-3188 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was delivered to all parties pursuant to Fed. R. Civ. P. 5 on the 15th day of March, 2002, via facsimile and/or certified mail, return receipt requested.

| | |
|---|---|
| Peter F. Barry, Esq.<br>The Barry Law Office, Ltd.<br>342 County Road D East<br>St. Paul, Minnesota 55117<br>Minnesota Attorney I.D. #0266577 | Via Regular Mail |
| O. Randolph Bragg, Esq.<br>Horwitz, Horwitz & Assoc.<br>25 East Washington Street, Suite 900<br>Chicago, Illinois 60602<br>Illinois Attorney I.D. #6221983 | Via Regular Mail |
| Stephen Gardner, Esq.<br>Law Office of Stephen Gardner, PC<br>1845 Woodall Rodgers Freeway, Suite 1750<br>Dallas, Texas 75201 | Via Regular Mail |

_____
Keith Wier