

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REBECCA REMELY, on behalf of herself and of others similarly situated, § § § | |
| Plaintiff, § § Civil Action No. 3:01-CV-2658-D | |
| VS. § § | |
| ETAN GENERAL, INC., et al., § § | |
| Defendants. § | |

### ORDER

Defendant Etan General, Inc. ("Etan") moves to dismiss plaintiff's complaint on the ground that Etan is not a "debt collector" under 15 U.S.C. § 1692a(6) because it is not involved in debt collection and does not collect for others in the regular course of its business. Etan also maintains that it was not involved in drafting or mailing the collection letter that is the basis of this suit and took no steps to collect plaintiff's debt.

"[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 598 (1969)). "[D]ismissal of a claim on the basis of barebones pleadings is a 'precarious disposition with a high mortality rate.'" *Id.* (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)). "In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the

light most favorable to the plaintiff." *Id.* (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir.1996)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id.* (citing *Doe*, 81 F.3d at 1401). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir.1996)).

The factual assertions that support Etan's arguments may later prove to be true, but the court cannot resolve them in the context of a Fed. R. Civ. P. 12(b)(6) motion.[1] Under the highly deferential standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and viewing the allegations of plaintiff's complaint in the light most favorable to her for purposes of deciding the motion to dismiss, *see, e.g., Royal Bank of Canada v. FDIC*, 733 F. Supp. 1091, 1094 (N.D. Tex. 1990) (Fitzwater, J.), the court is unable to say that he can prove no set of facts, consistent with the allegations, that would entitle her to relief.

---

[1] Etan maintains in its reply brief that it has presented incontrovertible evidence that it is not a "debt collector." *See* Rep. Br. at 3. The court cannot resolve this assertion in Etan's favor under the controlling standard. It also cites a decision of the Northern District of Illinois for the proposition that, if Etan is not a debt collector, this court lacks subject matter jurisdiction. *See id.* at 4. Because lack of subject matter jurisdiction is addressed under a different standard, the court's Rule 12(b)(6) reasoning does not apply. Nevertheless, the court disagrees that the lack of substantive merit of plaintiff's claim deprives this court of subject matter jurisdiction. *See, e.g., Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981) (on rehearing). Etan also contends that whether it is a "debt collector" is a question of law. *See* Rep. Br. at 4. In the circumstances of the present motion, however, it has a factual component—whether Etan has engaged in debt collection or collects for others in the regular course of its business. It is the factual component of this equation that the court cannot resolve in the context of a Rule 12(b)(6) motion.

The court therefore denies Etan's March 19, 2002 motion to dismiss.[2]

**SO ORDERED**.

May 20, 2002.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2]The Civil Justice Expense and Delay Reduction Plan adopted by this court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." Plan at § XI(2) (*reprinted in* Texas Rules of Court: Federal at 279 (West Pamp. Supp. 2002)). To eliminate undue delay and unnecessary expense to the parties to this and other civil actions pending on the court's docket, and because the court has determined that the motion is suitable for resolution in this manner, the court is deciding this motion by order rather than by a more detailed memorandum opinion.