ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 6 2004
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | |
|---|---|
| **Rebecca Remely**, a Minnesota resident, on behalf of herself and of others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>**Etan General, Inc.**, a Texas corporation, and **Credit Protection Association, L.P.**, a Texas domestic limited partnership,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Civil Action Number 3-01CV2658-K |

## FINAL JUDGMENT

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice to the Class having been given pursuant to the Court's order of December 18, 2003.

The parties appeared through their respective attorneys of record and announced ready to proceed, and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Tex. R. Civ. P. 42.

THE COURT HEREBY FINDS THAT:

1.   The parties entered into a Class Action Settlement Agreement ("Settlement Agreement") dated as of December 12, 2003.

2.   By Order dated December 18, 2003, the Court approved notice of the Settlement Agreement to be sent to members of the class, consisting of: (1) all Minnesota residents (2) to whom a letter in the form of Exhibit 1 attached to the complaint was sent (3) in an attempt to

**FINAL JUDGMENT**, page 1

collect a debt incurred for personal, family, or household purposes, (4) which were not returned as undelivered by the U.S. Post Office (5) during the period December 17, 2000 through December 17, 2001.[1]

3. The complaint in this action alleges that Defendants violated the Fair Debt Collection Practices Act. Defendants deny Plaintiff's allegations and assert, *inter alia*, that their conduct was not in violation of this Act.

4. The Court FINDS that this case should be certified as a class action because (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) her claims are typical of the claims of the class, and (4) she can and will fairly and adequately protect the interests of the class, because a class action is superior to other methods for resolving this dispute, and because the class issues predominate over other issues.

5. All four criteria of Rule 23(a) and at least one of the criteria of Rule 23(b) must be met for the case to be certified as a class action. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Plaintiff bears the burden of establishing these requirements. *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981). Prior to settlement, Plaintiff filed a motion for class certification. Defendants conceded that all four 23(a) criteria had been met except adequacy of Plaintiff as class representative, and further stipulated that the criteria of Rule 23(b)(3) had also been met. The Court will accept these concessions, but will nonetheless examine all relevant criteria.

---

[1] The Court notes that the order approving notice actually directed notice to Texas, not Minnesota, residents. However, at the fairness hearing on March 24, 2004, counsel for the parties confirmed that notice was mailed to Minnesota residents.

**FINAL JUDGMENT**, page 2

6. In determining whether a class will be certified, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) (quoting *Miller v. Mackey International, Inc.*, 452 F.2d 424, 427 (5th Cir. 1971). The merits of the case are not examined and the substantive allegations of the complaint should generally be taken as true. *Eisen v. Carlisle & Jacquelin, supra* at 177.

7. Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F. 2d 1030, 1038 (5th Cir. 1981). Here, there are 26,374 5class members, all of whom by definition received the same form collection letter. Thus, Plaintiff has satisfied the numerosity requirement.

8. Rule 23(a)(2) requires that there be a common question of law or fact and that "resolution of common questions affect all or a substantial number of the class members." *Jenkins v. Raymark Industries, Inc.*, 782 F. 2d 468, 472 (5th Cir. 1986). Commonality is present where the defendant has engaged in similar conduct as to all class members, such as sending a form collection letter to the class. That is the case here. Commonality is clear.

9. Rule 23(a)(3) requires that Plaintiff's claims be typical of the claims of the class. *Jenkins v. Raymark Industries, Inc.*, 782 F. 2d 468, 472 (5th Cir. 1986). In this case, typicality is inherent in the class definition—each class member received the same letter and thus was subjected to the same alleged violations as Plaintiff. Plaintiff's claims are typical of the claims of the class as a whole.

10. There are two criteria for determining adequacy under Rule 23(a)(4). "The named representatives must have a common interest with the unnamed members of the class, and there must be an absence of conflict or antagonism between the interests of the named plaintiffs and the other members of the proposed class, and it must appear that the representative parties,

**FINAL JUDGMENT**, page 3

through their attorneys, will vigorously prosecute the class claims." *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1974).

11. Plaintiff has given her own deposition and attended the mediation that resulted in the settlement before the Court. In both instances, she had to take time off work in order to travel to Dallas from Minnesota, one time while she was pregnant. She has shown her commitment to the class. Plaintiff's interest is identical to the other class members. She has by her actions shown that there is no antagonism between her interests and those of the absent class members. Plaintiff has retained experienced counsel to represent the class. The adequacy of both Plaintiff and her counsel is clear.

12. Rule 23(b)(3) requires that questions of law or fact common to all members of the class predominate over questions pertaining to individual members. "Predominance is a test readily met in certain cases alleging consumer . . . fraud." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 2249, 2250, 138 L. Ed. 2d 689 (1997) (citations omitted). Predominance exists when there is an essential common factual link between all class members and the defendants for which the law provides a remedy. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996). In this case, the common link is that all class members, by definition, were subjected to defendants' practice of sending letters that Plaintiff alleges violate the FDCPA. The questions of law and fact common to the members of the class clearly predominate over questions affecting only individual members.

13. Rule 23(b)(3) also requires that a class action be superior to other available methods for a fair and efficient adjudication of the controversy. In this case there is no better method available for the adjudication of the claims that might be brought by each individual debtor subjected to defendants' practice. "The efficacy of consumer class actions is recognized particularly where the individual's claim is small, as is the case here. As the U.S. Supreme Court

**FINAL JUDGMENT**, page 4

held: "While the text of Rule 23(b)(3) does not exclude from certification cases in which individual damages run high, the Advisory Committee had dominantly in mind the vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.' Kaplan, Predatory Note 497." *Amchem Products, Inc. v. Windsor, supra* at 117 S.Ct. at 2246.

14. A class action is therefore superior to other available methods for the fair and efficient adjudication of the controversy.

15. Because all relevant provisions of Rule 23 have been met, this case should be certified to proceed as a class action.

16. Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was mailed to all 26,374 members of the Settlement Class. The Notice gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendants, Defendants' defenses, the terms of the settlement, the proposed payment to the Class, the proposed payment to the Class Representative, the proposed payment to Class Counsel, the method by which they could submit claims, the method by which they could opt out, and the method by which they could object to the Settlement.

17. The procedures set forth in the Settlement Agreement and the order for submitting claims, opting out, or objecting were fair, adequate, and reasonable.

18. No objections were received and no members of the Settlement Class sought leave of this Court to intervene.

19. No members of the class elected to opt-out of this action.

**FINAL JUDGMENT**, page 5

20. The Settlement Agreement calls for Defendants to establish a settlement fund of $50,000.00, to be divided equally among all class members who timely and properly file proofs of claim.

21. 1,877 members of the class timely and properly filed proofs of claim and will share in the class settlement fund. The Court notes that five of these class members timely returned their claim forms, but did not sign them. With the agreement of the parties, the Court FINDS that these five class members have substantially filed the proofs of claim and therefore ORDERS that they be included in the class members who share in the class settlement fund, which shall be distributed on an equal basis to these 1,877 class members.

22. The proposed settlement is fair, reasonable, and adequate and meets the requirements of F. R. Civ. P. 23.

23. In consideration of her time and effort and her willingness to represent the class, Plaintiff will be paid an enhanced recovery of $5,000.00 in total for her participation in the class recovery.

24. A reasonable amount for Class Counsel attorney's fees and costs is $30,000.00.

25. The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others, (1) the Plaintiff and the Class are receiving, and Defendant is paying, an adequate amount of statutory damages in light of the statutory limitations on its liability; (2) moreover, while there has been no admission of wrongdoing, Defendants have agreed to modify the conduct at issue in this case in an attempt to satisfy the Plaintiff's complaints; and (3) furthermore, the complete lack of any objections or exclusions of class members is further evidence of the fairness, reasonableness, and adequacy of the settlement.

26. Any portion of the class settlement fund that is unclaimed by the Class, because the Settlement check was returned as undeliverable or without a forwarding address, or because

**FINAL JUDGMENT**, page 6

the check remains uncashed 90 days after distribution, or any funds otherwise remaining after the distribution was calculated, shall be paid to the Minnesota Legal Services Coalition, 46 East 4th Street, Suite 26, St. Paul, Minnesota 55101 (Attention: Ms. Jessie Spire Carlson) as a *cy pres* distribution.

27. The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

28. Within 10 days after a judgment by the Court approving the Settlement becomes final, checks representing the distribution described above will be sent by Defendants (or, at Defendants' sole discretion, its designated claims administrator) to those persons entitled to a distribution under the terms of the Settlement.

29. Payment by the Defendant of the fees and costs to Class Counsel as set forth above is hereby approved as such fees are reasonable in this case.

**IT IS THEREFORE, ORDERED THAT:**

1. Having found that all relevant provisions of Rule 23 have been met, the Court ORDERS that this case is certified to proceed as a class action.

2. The Settlement Agreement dated December 12, 2003, is hereby approved.

3. Plaintiff and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Defendants, or their past or present parents, affiliates, subsidiaries, successors, and assigns, and their present or former partners, directors, officers, employees, agents, insurers and attorneys, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known

**FINAL JUDGMENT**, page 7

or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have against Defendant, or any of them, arising out of or relating to the claims that were asserted in this lawsuit. Defendants hereby agree that they shall be barred identically from pursuing any claims for relief under § 1692k(a)(3) of the FDCPA against Plaintiff or against any member of the Class arising out of Defendants' alleged violations of the FDCPA asserted in the Complaint. The underlying debts, which Defendant was attempting to collect, via the letters at issue, are in no way affected by this order or the Settlement Agreement and nothing herein shall prevent Defendants from continuing to attempt to collect the debts allegedly owed by Plaintiff or the Class Members in a manner in compliance with the FDCPA.

4. Defendant shall distribute the settlement funds as described above.

5. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

6. All claims for contribution, indemnification or reimbursement, however denominated, against Defendants arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendants are hereby extinguished, discharged, satisfied, barred, and enjoined.

7. This action is hereby dismissed with prejudice and with each party to bear their own costs. The dismissal is without prejudice as to any class members who opted out of the class settlement.

8. This order resolves all claims against all parties in this action.

Signed this 25th day of ~~March~~ April, 2004.

_____
Ed Kinkeade
United States District Judge

Agreed:

_____
Stephen Gardner, for Plaintiff and the Class

_____
Keith Wier, for Defendants